May it please the Court, I'm Bill Parrish, I represent Ahcom, Ltd. I'd like to reserve five minutes for rebuttal. We are before the Court to address a rule unique to bankruptcy that's been enunciated by the Bankruptcy Appellate Panel that holds that at least in bankruptcies filed in California, the representative of the corporate bankruptcy estate holds the exclusive right to prosecute alter ego claims on behalf of the corporate debtor, provided those alter ego claims are generalized in nature. That rule is wrong for three reasons. First, the foundation of the rule is that California law would allow a corporation to sue its own shareholders for alter ego. No such case exists. The second mistake is that the rule enunciated by the Bankruptcy Appellate Panel assumes that California recognizes a generalized claim for alter ego remedy. California does not. The third mistake is that the Bankruptcy Appellate Panel's ruling in In Re Folks and In Re Davies Roofing attempts to separate the remedy of alter ego from the cause of action, which gives rise to the remedy. The beginning point of the Bankruptcy Appellate Panel's error resulted in reading a court of appeal case, Stodd v. Goldberger. In that case, a corporate trustee sought to sue on behalf of creditors of the estate, the shareholders of a corporation, asserting alter ego liability. The trial court dismissed the case because the trustee was not the real party in interest. The trial court granted the plaintiff an opportunity to amend its complaint. The plaintiff failed to amend, and the case was dismissed. On appeal, the court of appeal only ruled on this respect, that the trustee was not the real party in interest. There is no other finding in that case, and there is no basis from the court of appeal case to hold that California law would grant a corporation the right to sue its own shareholders. Now, the appellee argues that that's an inference that may be drawn from the court by the decision, and I suggest to the court that that's wrong. What may be drawn from the court is that the California court of appeal showed appropriate judicial restraint and decided only the issue presented, namely, under the facts pleaded, was the plaintiff a real party in interest. Nothing further can be gleaned from the Stodd v. Goldberger case. And that's demonstrated because in the 32 years since its decision, there is not a single – and this is not hyperbole – there is not a single reported or unreported case in California where a corporation has sued its own shareholders for alter ego liability. Roberts. They don't need to. Exactly. There is no reason to sue an alter ego because the other remedies available to the corporation are adequate to protect every right of the corporation. They sue for conversion of property, for fraudulent transfers, for breach of fiduciary duty. There is simply no reason to engraft this rule of imposing alter ego liability, allowing a corporation to sue itself. On its face, it's an extraordinary concept because, after all, the corporation may only operate through its agents, through its control people. How can the corporation then claim that it wasn't aware of what was going on? There simply is no equitable basis for that ruling. And there's no need for it. Appellees argue, gee, it's a swell idea because it will maximize the amounts recovered by the estate. But we know that bankruptcy is not a creature of common law. It is a creature of statute. And the United States Supreme Court held in Kaplan that there was no such inherent authority granted to trustee to pursue representative actions on behalf of the estate. That case was reaffirmed in 1978 when the Bankruptcy Code was adopted and the rule was not repudiated. In addition, this Court has recognized in Williams that there is not a scintilla of evidence that the legislature intended to grant the trustee authority to bring representative actions on behalf of the estate. Therefore, the very first principle adopted by the Bankruptcy Appellate Panel does not exist to support its reasoning. The California Supreme Court has indicated that it would not adopt such a rule when it says in Messler and repeatedly in other cases that we've cited in our brief that the purpose of alter ego, the alter ego remedy, is to protect third parties, not to protect the corporation. The corporation needs no further protection other than it's already provided by law. The next pillar that this erroneous decision and rule is based on is the idea that there is a generalized claim for alter ego. That is, that if you can prove one person's entitled to a remedy, an alter ego remedy, then all people, for example, all creditors, are entitled to such a remedy. That is not the case under California law. The California Supreme Court has said that every single alter ego determination, it being an equitable remedy, depends on the particular equitable relationship between the plaintiff and the defendant. And this, the United States District Court in the Northern District has recognized that by holding that just because Plaintiff A proves that it's entitled to an alter ego remedy, there is no raised judicata finding for other plaintiffs that bring a subsequent action. And therefore, the second basis. Kennedy. Which case are you talking about? The bankruptcy case? No, Your Honor. The Northern District? It's a United States District Court case, Eastman Kodak v. Anila.org. Okay. Where the district court said, however, U.S. Bank was in the situation of the second creditor or the second plaintiff to bring an alter ego action, and the district court said U.S. Bank cannot ride into this court on the coattails of Kodak's litigation for the simple reason that Joseph and MSJ LLC have never been a judge to be the alter egos of one another vis-a-vis their dealings with U.S. Bank. And so you don't get this raised judicata, the fact that what's good for one is good for all without any further inquiry. The final problem with the In re Folks, In re Debi roofing line of cases is that they fail to confirm what this Court has affirmed, and that is alter ego is simply a remedy. It's like damages. It's like you have to have the underlying cause of action. And the effect of these two decisions is to separate a remedy from an underlying cause of action and then call it a new cause of action, which is not permissible in the Court. And it's not enough to say we think this would be a good idea. For those reasons, Your Honor, we ask that this Court reject what has started out as an erroneous ruling and has now become a repeated erroneous finding in the bankruptcy confines, this idea that a corporation may sue itself continues to have life. Therefore, we'd ask the Court to reverse the decision of the district court and remand this case for trial. I'd like to, unless the Court has questions, I'd like to reserve the rest of my time for reply. Kennedy We've had district court in Central District and the BAP on one side and the  And I'd like to ask you, Mr. Kramer, what's the meaning of the California law? All of these are very qualified judges, and so I suppose it's not surprising that someone would mention the possibility of certifying the issue to the California Supreme Court for them to make the decision. What's your position on that? Kramer I have no opposition to it, Your Honor. Kennedy I take it your position is it's clear, but it's okay with you to Kramer Well, I'm certainly not going to oppose it. The difficulty with certifying cases is that they sometimes ask for an advisory opinion where the Court declines. But I think just reading Stodd v. Goldberger and the decisions of the California Supreme Court make it clear that there is no such rule. But I don't oppose the court certifying. Kennedy I understand. Maybe we don't need to. I think the California Supreme Court has been very attentive to our requests since Chief Justice George has been the Chief Justice there and has rather promptly given us answers, but maybe we don't have to for this purpose. But thank you. I appreciate your response. Kramer Thank you, Your Honor. Kagan Thank you. We'll hear from Mr. Michael. Michael Yes. Please, the Court. My name is John Michael, and I represent Hendrick and Luddy Smetting on this appeal. I'm obviously here to defend the Stodd case that was relied on by Davy Roofing and Folks and ultimately by Judge Conte when he dismissed this case. So what I'd like to do is focus on the ruling in the Stodd case and why that was a proper interpretation of California law. The only California appellate case that actually discusses the issue of a trustee's right to sue for alter ego in California is the Stodd case. And as Mr. Parrish stated, in the 32 years that that case has been pending, it has not been overruled by the California Supreme Court. So it's still good law, and this Court needs to look to the appellate court cases in order to determine what the law of California is. Now, in the Stodd case, the holding was that if the trustee could assert an injury to the corporation, that the trustee then did have standing to sue for alter ego under California law. The Court stated that absent such an allegation of injury, no cause of action for alter ego could be asserted. The implication of that ruling is that if the trustee, in fact, could assert injury to the corporation, he had standing and could assert a cause of action on behalf of the corporation to pierce its own corporate veil and hold the shareholders liable. What is the cause of action, though? I'm, I guess, asking for your response to opposing counsel's argument that piercing the corporate veil isn't a cause of action. It's a means to an end. It's an element of some other cause of action. So what is your response to that, and how does that apply here? There are two responses to that. The first is that under the Bankruptcy Code, the definition of a claim includes an equitable remedy. So what you have under the Bankruptcy Code for the trustee is the right to assert claims that are property of the bankruptcy estate. Alter ego is an equitable remedy and, therefore, would be a claim under the bankruptcy estate that the trustee was authorized to assert. What type of claim would they assert? Excuse me? What type of claim would they assert against the Smedlings? Well, there are various types of claims. And, of course, I represent the Smedlings, so I don't want to elaborate too much. But in the normal, speaking theoretically, in the normal alter ego type situation, there are allegations of diversions of corporate assets. There are allegations of fraudulent transfers. There are allegations of breach of fiduciary duty. Corporate manipulation. But why does the trustee need alter ego? Why can't the trustee, on behalf of the corporation, bring the lawsuit directly? There's nothing in California law or Federal law to stop that that I know of. Well, it's because those causes of action would provide an incomplete remedy for the bankruptcy estate. In order to recover for breach of fiduciary duty, you have to prove the duty and specific damages flowing from that breach of a duty. In order to recover property on a fraudulent conveyance, you only recover the particular property that you're seeking under that cause of action. And when you add an alter ego element to it, what you're going to do is you're going to make the debtor or the shareholders of the debtor liable for all of the debts of the corporation. So you have a much broader remedy under alter ego that you wouldn't have under each of the specific causes of action. You still need a cause of action, though, right? You need a legal wrong, even if this is an equitable remedy. Would you agree with that? Sure. And take, for example, the legal wrong of failure to issue stock or failure to hold board of directors meetings or other internal matters that are failures to observe corporate formalities. To sue for those, it would be very hard, if not impossible, to quantify the damages  without an alter ego remedy, you may not be able to recover any assets for the bankruptcy estate based on those allegations. Why is that? Does that mean that you need the alter ego to get damages of something other than the corporation, like the creditor's damages? Yeah. Well, that's the second aspect of why alter ego is necessary, is that the trustee does not stand in sort of a fiduciary capacity to the creditors. He's acting and marshalling the assets of the estate on behalf of all of the creditors of the estate. And if he's able to bring alter ego claims against the shareholders, he's able to bring a greater amount of assets into the estate based on all of the claims that the creditors would have. So really what you're arguing is it isn't the corporation per se. It's what the creditors have against the corporation, and you want to pull those into a cause of action, and you need the alter ego to do it? That's one way of looking at it, is to do that, although the Williams case makes the distinction between the situation. Well, they've been pretty clear that the trustee doesn't have control over the creditors' separate causes of action. And that's where the trustee is. Do we have to reverse those cases? No, no. That's where the trustee has taken an assignment of the creditors' causes of action instead of acting in his fiduciary capacity as marshalling the estates for payment of those causes of action. I think there's a distinction there. So what you're saying is that there's this wide chancellor's boot with the trustee. I don't mean to – but it just strikes me that way, that not only is the trustee now going to be taking care of the corporation, but is going to look out here at these creditors and is going to get their claims into and be their guardian to run those claims, and needs alter ego to do that. Well, that's part of the trustee's duties, is to take a look at the claims and see which ones are allowable, which ones are disputable, and the ones that are allowable to marshal the assets to pay those claims. Yes. Where do you start? The first point that was raised here by Mr. Parrish is that California law does not permit corporations to sue shareholders. And we have the Stodd case, which talks about the situation with the trustee. But what about just basic – forget bankruptcy. Do you agree or disagree with that statement? And if you disagree, what is your support? Well, I do disagree with the statement. The appellant's position is that the alter ego remedy is only for the protection of third parties. But there are three cases that were cited in the appellant's own brief that hold that either the corporation may disregard its own corporate entity or the shareholders of the corporation may disregard the corporate entity in certain circumstances. There's the Cooperman case that permitted a sole shareholder to pierce his own corporate veil in order to qualify for unemployment benefits. There, the plaintiff was a – well, the defendant was a cameraman who had sporadic jobs and was employed through his solely owned corporation. And the Unemployment Commission had decided that he – because he was employed as president of a corporation, he wasn't really unemployed, even though he wasn't working as a cameraman. And the court there held that it was proper for this sole shareholder to pierce his own corporate veil to show that he was, in fact, unemployed. The second case is the Citizens Bank case where the court allowed the owner of a corporation to pierce his own corporation's veil to allow him to recover for work he did while he was an unlicensed contractor. That was a situation where the contractor started the project where he had a personal contractor's license. During the project, the license expired. He then formed a corporation which obtained a contractor's license. And when he sued to get paid for the work that he did as an individual, the defense was raised that he was an unlicensed contractor and that the defendant didn't have to pay. The court in that situation held that in order to prevent injustice, that it would go ahead and permit him as a sole shareholder to pierce his own corporation's veil to show that he was a licensed contractor at the time that he performed the services. What about the Communist Party case where, I mean, of course we have these California Court of Appeals cases somewhat coming and going at each other where they talk about that you really can't use the alter ego to permit a person to actually control the corporation to disregard the corporate entity? There is language in appellate court cases to that effect, but there's also equal language in appellate court cases to the other effect. And I think that So that kind of goes to Judge Wallace's question of, you know, we have the Messler case, which actually doesn't solve this case, I don't think. So is it true we really don't have a California Court of Appeals case addressing the ability to bring these alter ego claims? Well, what you have is, and I have additional cases, there are five or six cases under California law where the court has allowed either the shareholders to pierce their own corporation's veil or the corporation to pierce its own veil. And based on those cases, it seems like there's a rule that there are three situations where the corporation or its shareholders may pierce its, or where a court will allow the corporate veil to be pierced. First, for fraud. The second is to protect the rights of third parties. And the third is to prevent a manifest injustice or a grave injustice. What is your position with respect to the question that Judge Wallace raised about certification to the California Supreme Court? Do you have any position on that? Well, I don't think it's necessary. I think that the appellate court cases can be harmonized. Well, this reminds me of the cross motions for summary judgment in contract cases where both sides say it's perfectly clear and I win. Well, let me go ahead and cite the additional cases to you that hold that a corporation can pierce its own veil or that the shareholders of the corporation can pierce the veil. And that would be in remarriage of Imparato, which is at 45 Calab 3rd, 432, a 1975 case. Are these cited in your brief? They are not, Your Honor. Then you'll need to file something in writing separately after argument. Okay. I will do that. Thank you. Is that the one where the husband was trying not to pay? Yes. Okay. That's a divorce case where Divorce case. Yeah, where the court allowed the shareholders to pierce the corporate veil to determine what the interests of the parties were in the corporation. There's also MAPCO v. State Board of Equalization, which is a tax case where the court permitted the corporation to pierce its own corporate veil to avoid paying sales tax on intercompany transactions. That case, do you need the cite or should I just issue a letter afterwards? No, you've got it in writing. Okay. There's also in remarriage of Blazer, which is a recent case, a 2009 case, again, in the divorce context where the shareholders of the corporation were permitted to pierce the corporate veil to determine what the income of the parties was. That was really corporate income. So both before and after the Stodd case was decided, there are additional California courts of appeals cases that have identified several different areas where the California courts will allow the corporate veil to be pierced even though there are no equities of third parties involved. Let me ask you, assuming we agreed with you, and if you go the Stodd route where you can distinguish between claims that might be brought by an individual creditor versus the trustee, why shouldn't they be permitted to amend in this case? Well, there are three reasons why they shouldn't be permitted to amend. The first is because of the delay. The case had been pending for several years. Failure to state a cause of action has been a defense in the case from day one. They waited until, you know, after cross motions for summary judgment, after the initial trial date was vacated so that the motions to dismiss could be briefed, fully briefed on regular notice, and just asked for leave to amend in a single little paragraph at the end of their opposition to the motion to dismiss. But usually you don't think you need to amend until you lose, you know, until you find out you do. You're sort of going along and things seem fine, and then all of a sudden things aren't going so fine, and that's when you need to amend. So I'm not quite sure about the timeliness issue. But you'd think there would be some evidentiary showing of why it was that there was the delay, and there were no declarations filed. There was no evidence given as to why the delay was such as it was. The second reason is prejudice to the defendants. This case has been prepared for trial on the basis of what is a generalized claim of alter ego involving damage to the corporation. The allegations in the First Amendment complaint were that there was a diversion of corporate assets, that the Smittings had paid themselves exorbitant salaries, fraudulent transfers, undercapitalization, all the things that go into what the courts have described as a general alter ego claim. To now allow them to amend to allege a particularized claim that the corporation was formed and operated for the sole purpose of harming Occam is going to require additional depositions, additional expert witnesses. My clients have already spent a huge amount of money on this case, and to require them to go back to square one and re-prepare the case, re-prepare their defense, I think would be unfair, and there's undue prejudice to them in that regard. I think the third reason is the futility of the amendment. I think that the amended complaint that they've attached to their brief, which we have here, shows that they're still alleging a generalized claim. They're still alleging undercapitalization and damage to the corporation, which is still a generalized claim under Folks and Davey Roofing, and so the amendment would be futile. We'd just be back in another motion to dismiss and maybe back here. Thank you, counsel. We'll hear from Mr. Parrish on rebuttal. Could I just add one item? Quickly. You're over time, but you may very briefly conclude. Thank you. As I stated, the law in California is that one reason for piercing the corporate bail would be to avoid an inequitable result. In the bankruptcy context, the inequitable result that would be avoided is permitting a single creditor to go ahead and sue, go around the bankruptcy proceeding, sue for alter ego in a State court, and recover assets that really should go to the benefit of all creditors in the bankruptcy. We understand your position. Thank you, counsel. Thank you. We'll hear from Mr. Parrish. Your Honor, I wanted to address the first issue. In response to a question from the Court about why would a bankruptcy trustee need an alter ego, the response by the appellee was that it would expand the recovery available to the estate. That is patently wrong. Alter ego is simply a remedy. Whatever is available on the underlying claim is the measure of the recovery. The only effect of an alter ego remedy is to add additional debtors and responsible parties to pay that amount. There's no expansion of the recovery. The second item that I want to address is the idea that there are cases that allow shareholders to pierce the corporate veil. And here we have to be very careful about the term of art that is used on, quote, piercing the corporate veil. We've cited a collection of cases in footnote 2 to our opening brief where defendants were allowed to disavow their formation of the corporation. The issue was not piercing the corporate veil. The issue in those cases was whether the defendant was judicially stopped from asserting that he didn't really mean it when he formed this corporation. And that's why in those cases, one case is someone that works in the movies. On the advice of someone, he formed a corporation, and they said, yeah, this is the best thing you ought to do. Well, then he found himself out of work and applied for unemployment benefits. Those unemployment benefits were denied by saying, look, you have this corporation. You're judicially stopped from denying the existence of this corporation. You are not entitled to unemployment benefits. The court said, no, wait a minute. We're going to look through this. We're not going to find the defendant is judicially stopped. We're going to allow him to recover unemployment benefits. On the unlicensed contractor, again, the contractor sues. His corporation is not a licensed contractor. The issue is, is he judicially stopped to deny the formation of the corporation? The court said, no, in this unique circumstance, it will allow them to disavow them. And so in each of these cases that the defendants point to as evidence that a corporation is allowed to pierce its own corporate veil, that is not the circumstance that's presented. The question is, was the party seeking to disavow the incorporation of the corporation, of the company, judicially stopped from doing that? And on equitable principles, the courts can see clearly why that's not the case. Here, there is simply no basis for a holding that a trustee may bring representative lawsuits on behalf of all creditors. That's precisely what the appellee is arguing to you right now. The appellee is arguing that Williams, decided by this Court, is wrong. Except that Williams follows Kaplan, the United States Supreme Court case, that says you may not bring representative litigation. Williams says you can't bring representative litigation. In re Foulkes and in re Davies recognize that they are bound by in re Williams and that they cannot bring representative litigation. And therefore, it's kind of bootstrapped itself onto the stod to try to find a cause of action. It simply doesn't exist. And none of the cases that are submitted to the Court to try to dissuade that proper intellectual analysis are really on point or address the issue. And so, again, we urge the Court to reverse this line of decisions because it's just simply a misreading of California law. Thank you, counsel. The case just argued is submitted. We appreciate very much the arguments of both parties in this somewhat intriguing and offbeat question. As I mentioned earlier, we're going to take our mid-morning break. We will be back in about ten minutes. Thank you, counsel.
judges: Wallace, Graber, McKeown